

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00061-CV

———————————————

IN RE ANDREA L. REED, CSR

From Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1503620D

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

The court instituted this proceeding involving Andrea L. Reed, CSR, to ensure the filing of a complete reporter's record in the underlying appeal: *Ex parte Cedric Richardson*, Cause No. 02-19-00478-CR. The reporter's record—including exhibits to the reporter's record—must be filed electronically via the TAMES records submission portal (RSP) as mandated by appendix C to the Texas Rules of Appellate Procedure and by the Uniform Format Manual for Texas Reporters' Records. The responsibility for preparing and filing this reporter's record lies with the court reporter. *See* Tex. R. App. P. 35.3(b).

In *Ex Parte Cedric Richardson*, Andrea L. Reed, the official court reporter for Criminal District Court No. 1, filed the reporter's record—minus several exhibits—on February 19, 2020. Reed certified to this court that she was unable to convert the missing exhibits "into a format and/or size compatible with the requirements of the TAMES portal, the Uniform Format Manual for Texas Reporters' Records, and Appendix C of the Rules of Appellate Procedure." Because this certification did not detail any diligent attempts made by the court reporter to file the exhibits to the reporter's record in electronic format, we requested Reed to file an amended court reporter's certification.[1] Reed filed an amended certification on March 11, 2020, in

---

[1] *See Guidelines for Reporter's Records – Exhibits*, Texas Judicial Branch: 2nd Court of Appeals 2 (Apr. 10, 2019), http://www.txcourts.gov/media/1443938/2019-courts-guidelines-for-reporters-records-exhibits-updated-2019.pdf (requiring the court reporter to file a signed statement 1) certifying that the court reporter is unable to file

2

which she again certified that she was unable to upload the exhibits to the TAMES RSP.

After the appeal had been submitted to the court for decision, we ordered the trial court clerk to deliver the original exhibits to the court. The court reviewed the exhibits and determined that all but one of them could be uploaded via the TAMES RSP. Accordingly, we returned the exhibits that could be uploaded electronically to the trial court clerk and ordered Reed to upload them to the TAMES RSP in compliance with the applicable rules.

Reed subsequently uploaded all these exhibits but one: State's Exhibit 187, a police interrogation video. On February 2, 2021, Reed certified that she still had been unable to convert State's Exhibit 187, stating, "Diligent attempts have been made to convert this exhibit, and it just cannot be done on my end. The original is on file with the Tarrant County Clerk's Office." After receiving this certification, the court again reviewed the original State's Exhibit 187 and again confirmed that it could be uploaded via the TAMES RSP.

Therefore, on February 26, 2021, we ordered Reed to upload State's Exhibit 187 in an electronic format to the TAMES RSP in compliance with the applicable rules by March 5, 2021. We warned Reed that if the exhibit was not filed by the deadline, she would be required to show cause why she should not be held in

the exhibit electronically, 2) explaining why the court reporter cannot file the exhibit electronically, and 3) detailing the diligent attempts that the court reporter has made to file the exhibit electronically).

3

contempt of court for failing to file the complete, compliant reporter's record in a timely manner. Despite this warning, Reed failed to file the exhibit by the deadline.

Because Reed did not comply with the court's order, we issued another order on March 11, 2021, that severed the portion of the appeal involving the preparation and filing of the reporter's record from *Ex parte Cedric Richardson* and docketed it as this proceeding, *In re Andrea L. Reed, CSR*. But finally, on March 22, 2021, Reed completed the reporter's record by uploading the last outstanding exhibit that could be filed electronically, State's Exhibit 187, to the TAMES web portal.

Now that the complete reporter's record has been electronically filed, we conclude that the reporter's record issue has been sufficiently resolved and that the purposes of this proceeding, *In re Andrea L. Reed, CSR*, No. 02-21-00061-CV, have been accomplished. Nevertheless, in the future, the court expects Reed to demonstrate good-faith efforts to fulfill her responsibility of filing the reporter's record electronically via the TAMES web portal as required—including acquiring sufficient equipment, software, and knowledge to file the complete reporter's record in a timely manner and in compliance with the applicable rules. Accordingly, this cause is dismissed.

Per Curiam

Delivered: April 8, 2021